UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER FRENCH | CIVIL ACTION |
| VERSUS | NO: 16-277 |
| LOUISIANA CLEANING SYSTEMS, INC., ET AL. | SECTION: "A" (5) |

# ORDER AND REASONS

The following motions are before the Court: **Motion to Conditionally Certify a Collective Action Pursuant to the FLSA (Rec. Doc. 15)** and **Motion to Strike (Rec. Doc. 25)** filed by plaintiff Christopher French; **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 20)** filed by defendant The Scott Fetzer Company d/b/a The Kirby Company; **Motion to Dismiss Pursuant to Rule 12(c) (Rec. Doc. 27)** filed by defendants Louisiana Cleaning Systems, Inc. and Charles Nugent. The motions, noticed for submission on May 18, 2016, and June 1, 2016, are before the Court on the briefs without oral argument.[1]

## I.

Defendant The Scott Fetzer Company d/b/a The Kirby Company ("Kirby") manufactures "Kirby" brand home cleaning systems and vacuums. Kirby does not sell its

---

[1] Oral argument has been requested but the Court is not persuaded that it would be helpful in light of the issues presented.

vacuum cleaning systems directly to consumers; rather, Kirby sells the systems to independent distributors, who in turn retain sales forces of Independent Dealers to sell systems to customers. Defendant Louisiana Cleaning Systems, Inc. ("LCS"), which is located in Kenner, Louisiana and owned by defendant Charles Nugent, is one such distributor.

Plaintiff Christopher French was an Independent Dealer/Kirby vacuum salesman for two weeks in November-December 2014. French contends that his duties and responsibilities included *inter alia* attending a multi-day training session and mandatory pep rally. French contends that he was never paid for the week spent in mandatory training. The crux of French's complaint, however, is that he was wrongfully characterized as an independent contractor when he should have been considered an "employee." French seeks to represent an FLSA[2] collective class of Kirby/LCS "employees" who were denied both wages and overtime pay under federal law. French also asserts a plethora of supplemental state law claims.

French now moves the Court to conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b) so that he can send a court-approved notice to potential opt-in plaintiffs. Defendants, in addition to opposing certification, have moved to dismiss the Complaint in its entirety under Rule 12(b) and (c).

**II.**

In the context of a motion to dismiss the Court must accept all factual allegations

---

[2] Fair Labor Standards Act

in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).[3]

---

[3] The same standards that govern a Rule 12(b)(6) motion will govern a Rule 12(c) motion for judgment on the pleadings. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2005).

### A.

The Court begins with French's Fair Labor Standards Act ("FLSA") claims because those are the claims upon which original subject matter jurisdiction is grounded.

Count One of French's Complaint is a claim for failure to pay the federal hourly minimum wage for hours worked. Count Two is a claim for failure to pay federal overtime wages. Defendants argue that these federal claims should be dismissed because French's own allegations plainly demonstrate that he was an exempted outside salesperson as defined by the FLSA.

French argues that the outside sales exemption is an affirmative defense that his allegations do not undisputedly establish. Even if the defense is appropriate, French contends that it does not dispose of his FLSA claims entirely because it does not apply to his claim that he was not paid the minimum wage for the time spent attending several days of mandatory training.

The Court finds Defendants' arguments pertaining to the outside sales exemption to be meritorious, at least in part. It is clear from French's allegations that the overwhelming majority of his activities during his two-week affiliation with LCS places him squarely within the outside salesman exemption identified in 29 U.S.C. § 213(a)(1) (stating that FLSA minimum wage and overtime requirements do not apply to outside salesmen). French's primary duty was to make product sales away from LCS's offices. But French correctly notes that the mandatory training *may* fall outside of the exemption, *see* 29 C.F.R. § 541.705. It remains, however, that the training may ultimately reveal itself to

be exempt sales work. The Court cannot make this determination on the current record. The motions to dismiss are therefore GRANTED as to the Count One FLSA claim with the exception of the minimum wage claim pertaining to the approximately 25 hours of mandatory training. The motions to dismiss are GRANTED as to the Count Two FLSA overtime claim in its entirety.[4]

**B.**

**i.**

The sole FLSA claim remaining for the certification analysis is French's minimum wage claim pertaining to the approximately 25 hours of mandatory training.

The FLSA creates a cause of action for *employees* against employers who violate the Act's requirements. The FLSA provides in pertinent part:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. A. § 216(b) (West 1998 & Supp. 2015).

Thus, § 216(b) establishes an "opt-in" scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. The Act does

---

[4] The Court doubts that French could satisfy even the broad definition of employee used in the FLSA. The Court notes that in August of 2015, an administrative law judge with the Louisiana Office of Workers' Compensation issued a judgment and reasons following trial in which he concluded that one of LCS's Independent Dealers was not an employee of the company under state law. (Rec. Doc. 24-2). That decision does not bind this Court, particularly with respect to the FLSA claims, but the opinion is well-reasoned, thorough, and persuasive. Without "employee" status French has no claim for overtime and minimum wage payments.

not provide a definition for "similarly situated."

The district court will typically apply a two-step analysis when exercising its discretion with respect to certification. *Wellman v. Grand Isle Shipyard, Inc.*, No. 14-831, 2014 WL 5810529, at *1, 3 (E.D. La. Nov. 7, 2014) (Africk, J.). First, the court determines whether the putative plaintiffs' claims are sufficiently similar to merit sending notice of the action to possible members of the collective class. *Acevedo v. Allsups Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995)). If the claims are similar enough, the court will authorize counsel to put all potential members of the class on notice so that they may join the suit if they wish to do so. *Id.* This stage is referred to as a "conditional certification." Second, after discovery is complete and the allegations and claims are more fully fleshed out, the court will make a final determination as to certification, typically in the posture of a motion by the defendant to decertify the action. *Id.*; *Wellman*, 2014 WL 5810529, at *2. This stage is referred to as "decertification."

At step one, the conditional certification stage, the court's decision is usually based only on the pleadings and any affidavits that have been submitted. *Wellman*, 2014 WL 5810529, at *1. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *Id.* This lenient standard requires nothing more than only substantial allegations that potential members "were together the victims of a single

decision, policy, or plan." *Id.* (quoting *Mooney*, 54 F.3d at 1214 n.8).

## ii.

At the outset, LCS argues that French is not similarly situated to the class he seeks to represent because he and his counsel planned this litigation, which is why French went to LCS in the first place. French's Motion to Strike is related to this line of argument. The motion to strike challenges Facebook pages and entries that LCS located on the internet.

French does not dispute that he and Plaintiff's counsel were friends before he filed the instant suit. The exact nature of the relationship does not concern the Court. But on the personal data sheet that French completed when seeking to join LCS's team, French listed plaintiff's counsel as his first personal reference and he describes her relationship to him as "boss." (Rec. Doc. 23-7). French's contention is that all of this is immaterial to whether Defendants violated the FLSA.

LCS's theory is that Plaintiff's counsel sent French to LCS to make a plaintiff out of him so that she would have a litigant with standing to invoke a collective action, ultimately leading to an award of attorney's fees. LCS characterizes French's two week "stint" at LCS as a "setup" devised by plaintiff's counsel after she reviewed pleadings in another case against Kirby.[5]

French's Motion to Strike is DENIED. Conditional certification involves court-

---

[5] The Court's initial reaction when reading the Complaint was that it was not written by the same person who wrote French's memoranda in opposition. Noting the references to the *Dixon* case against Kirby, the Court retrieved the original complaint filed in *Dixon v. Zabka*, 11-982, from the District of Connecticut's PACER system. It appears that French's pleading was taken in large part from that case, including the Rule 23 allegations which are not part of French's case.

approved notice. Regardless of whether French's motivation in seeking to become an Independent Dealer impacts potential liability under the FLSA, French's motives are of interest to this Court, whose name and office French seeks to use in order to recruit litigants to join this lawsuit.

That said, the Court declines to conditionally certify a collective action because the Court finds the record lacking in *substantial* allegations that potential members were together the *victims* of a single decision, policy, or plan. Aside from his own affidavit, French submitted an affidavit from an Ada Solis (Rec. Doc. 15-1), of whom Defendants have no record whatsoever. LCS had significant paperwork on French, however, who was only affiliated with the company for two weeks. Defendants dispute that Solis ever attended training at LCS or was ever part of the sales team. Solis's affidavit is identical to French's and the record contains no independent indicia that Solis actually participated in the training at LCS.[6] The motion to conditionally certify a collective action is DENIED.

## C.

As stated earlier, French has also asserted numerous state law claims.

French's conversion and misrepresentation claims are prescribed on their face. These claims are subject to a one-year liberative prescription period. French filed suit on

---

[6] LCS points out that an ad was placed on New Orleans Craigslist by an attorney affiliated with French's counsel in order to recruit claimants. (Rec. Doc. 23-6). It is not clear whether Ms. Solis responded to this ad or how she came to know about French's lawsuit. The Court does not address at this time the ethical considerations raised by LCS.

January 11, 2016. He was with LCS in November - December 2014. The motions to dismiss are GRANTED as to Counts Three, Five, and Six of the Complaint, which are dismissed.

French fails to state a claim for unjust enrichment. The pivotal element in a claim for unjust enrichment under Louisiana law is that there must be no other remedy at law available to the plaintiff. *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 897 (La. 1995). French has remedies at law against Defendants. Whether or not those causes of action are timely or meritorious is of no moment. *See Garber v. Badon & Ranier*, 961 So. 2d 92, 100 (La. App. 3d Cir. 2008) (citing *La. Nat'l Bank of Baton Rouge v. Belello*, 577 So. 2d 1099, 1102 (La. App. 1st Cir. 1991)). In other words, unjust enrichment does not provide a safety net to cure an injustice or wrong should the legal remedies available to a plaintiff fail. The motions to dismiss are GRANTED as to Count Four of the Complaint, which is dismissed.

The motions are DENIED as to the state law statutory wage claim, which is subject to a three-year liberative prescription period. La. Civ. Code art. 3494.

### III.

Defendants' motions are GRANTED IN PART AND DENIED IN PART. The motions are DENIED as to French's FLSA wage claim pertaining to the two weeks of mandatory training and DENIED as to the state law statutory wage claim. The motions are GRANTED in all other respects.

French's motion to conditionally certify an FLSA collective action is DENIED.

French's motion to strike is DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Conditionally Certify a Collective Action Pursuant to the FLSA (Rec. Doc. 15)** and **Motion to Strike (Rec. Doc. 25)** filed by plaintiff Christopher French are **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 20)** filed by defendant The Scott Fetzer Company d/b/a The Kirby Company, and the **Motion to Dismiss Pursuant to Rule 12(c) (Rec. Doc. 27)** filed by defendants Louisiana Cleaning Systems, Inc. and Charles Nugent are **GRANTED IN PART AND DENIED IN PART** as explained above.

June 14, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE